IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 3 0 2004

CLERK

JOE HELM,

        Plaintiff,

vs.

        No. CIV 03-1283 MV/LCS

KENT WALLER, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed November 7, 2003. (Doc. 1). Defendants filed a Motion to Dismiss in part and Grant in part the Petition on March 4, 2004. (Doc. 16). Plaintiff filed a Motion to Dismiss in part and Grant in part the Petition on May 28, 2004. (Doc. 19). The Court, having considered Plaintiff's and Defendants' Motions, the record herein, and the relevant law, finds that the Motions to Dismiss in part and Grant in part the Petition should be **GRANTED** and that the Petition for Writ of Habeas Corpus should be **DISMISSED IN PART**.

### I.    Procedural Background

Plaintiff was arrested on the evening of April 13, 2002 on Highway 285, south of Artesia, New Mexico. (Doc. 1). He was charged with speeding, having no insurance and having no driver's license. (Id.) Plaintiff was arraigned in Magistrate Court on April 24, 2002, before Judge Larry Wood. (Id.) Following a bench trial on June 25, 2002, Judge Wood found Plaintiff guilty of the charged offenses and Plaintiff received a fine of $492.00.

Plaintiff filed a Notice of Appeal in the Fifth Judicial District Court of New Mexico on June 27, 2002. (Ex. A). Plaintiff appeared before Judge Gary Clingman in Carlsbad, New

Mexico. Plaintiff asserts that Judge Clingman never informed him of his right to counsel, nor was he asked to sign a waiver of counsel. It does not appear from the hearing transcript that Judge Clingman imparted this information to Plaintiff. (Ex. E). On January 28, 2003, Judge Clingman upheld the sentence imposed in the Magistrate Court, finding Plaintiff guilty, enhancing the fine to $750.00 and additionally sentencing Plaintiff to ninety (90) days incarceration. (Ex. J, L).

Plaintiff filed a Notice of Appeal in the New Mexico Court of Appeals on February 20, 2003. (Ex. R). The Court of Appeals filed a Memorandum Opinion denying Plaintiff's appeal on June 18, 2003. (Ex. V). Plaintiff then filed a Petition for Writ of Habeas Corpus with the New Mexico Supreme Court on July 3, 2003. (Ex. W). The Supreme Court denied this Petition on August 14, 2003. (Ex. Y). Plaintiff filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 7, 2003. (Doc. 1).

Because Plaintiff filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is ruled by its provisions. *See Williams v. Taylor*, 529 U.S. 362, 402 (2000). Under the AEDPA, a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 413.

A state court decision will involve an "unreasonable application" of federal law if it

2

"correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Id.* Further, a federal court cannot grant relief under AEDPA by conducting its own independent inquiry into whether the state court was correct as a *de novo* matter. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied the law incorrectly. *Yarboroguh v. Alvarado*, 124 S.Ct. 2140, 2150 (2004).[1] In short, the AEDPA bars a federal habeas court from granting relief unless the state court decision involves either 1) application of incorrect legal standards or principles; or 2) involves an objectively unreasonable application of the correct legal standard or principle. Finally, Plaintiff bears the burden to establish by clear and convincing evidence that the state court determination was incorrect. 28 U.S.C. § 2254(e)(1).

### III. Analysis

Plaintiff raised the following issues in his federal Petition:

I. Petitioner's conviction was obtained in violation of his rights to due process and equal protection guaranteed by both the United States and New Mexico Constitutions.

II. Petitioner's conviction was obtained in violation of his right to counsel.

III. Petitioner's conviction was obtained in violation of procedural due process as set forth in the New Mexico Statutes.

---

[1] Note that this has been the position of the Tenth Circuit since 2003. *See McLuckie v. Abott*, 337 F.3d 1193 (10th Cir. 2003).

3

IV. Petitioner's medical condition was not taken into account by the district court.

Turning to Plaintiff's second ground for relief, a review of the transcript of the hearing held before the district court on January 28, 2003 (Ex. I), and of the proceedings held prior to the trial (Ex. D, F), reveals that no colloquy sufficient to satisfy the federal constitutional standard to be advised of the right to counsel, or for waiver thereof, occurred before Plaintiff was tried and sentenced to a 90-day term of incarceration.

It is axiomatic that the accused enjoys the right to counsel any time imprisonment is actually imposed. *See Nichols v. United States*, 511 U.S. 738, 743 (1994). Further, a waiver of the right to counsel must be an intentional abandonment of a known right. *Farretta v. California*, 422 U.S. 806, 821 (1975). While the right to counsel does not normally attach when the accused is charged with a misdemeanor offense, the right to counsel does apply to a misdemeanor offense when a term of imprisonment is actually imposed. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). The Tenth Circuit has found that, in denying the defendant counsel, the court effectively waives the right to sentence him to prison. *Shayeseth v. City of South Salt Lake*, 217 F.3d 1281, 1284 (10th Cir. 2000).

A criminal defendant who is entitled to counsel may waive that right despite the lack of a formal colloquy with the court where the record otherwise demonstrates that the defendant's age, background and experience establish a knowing and intelligent waiver, although the presumption is against waiver. *United States v. Akins*, 276 F.3d 1141, 1147 (9th Cir. 2002). The record in the present case appears insufficient to overcome the presumption against waiver of the right to counsel. (Ex. D, F, I). Petitioner articulated the claim of denial of counsel in his original habeas corpus petition filed with the New Mexico Supreme Court. He therefore appears to have

4

exhausted this claim. (Ex. Y). The remedy in the context of a habeas corpus petition for denial of the right to counsel in a misdemeanor case is vacation of any term of imprisonment imposed. *Shayeseth*, 217 F.3d at 1285.

In the present case, Defendants have acknowledged that Plaintiff is entitled to have the 90-day imprisonment term vacated as it does not appear from the record that Plaintiff was adequately informed of his right to counsel, nor did he knowingly waive that right, before having the term of imprisonment imposed. Moreover, Plaintiff has acknowledged that his Petition should be dismissed in all respects except with respect to the 90-day term of imprisonment. Therefore, I find that Defendants' Motion to Dismiss in part and Grant in part Plaintiff's Petition should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Petition will be **GRANTED** with respect to the claim that his conviction was obtained in violation of his right to counsel. The writ of habeas corpus is granted and the 90-day term of imprisonment imposed by Judge Clingman will be **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Petition will be **DISMISSED** with respect to the claim that his conviction was obtained in violation of his rights to due process and equal protection as set forth in the United States and New Mexico Constitutions, the claim that the conviction was obtained in violation of procedural due process as set forth in the New Mexico Statutes, and the claim that Plaintiff's medical condition was not taken into account by the district court.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

5